**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 25-2013
_____

BRENDA FORMAN,
Appellant

v.

AL SCHMIDT, Secretary of the Commonwealth

_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil Action No. 2:24-cv-00266)
District Judge:  Honorable J. Nicholas Ranjan

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
March 13, 2026

Before: MATEY, MONTGOMERY-REEVES, and NYGAARD, *Circuit Judges*

(Opinion filed: March 24, 2026)
_____

OPINION[*]
_____

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Brenda Forman appeals *pro se* from the District Court's order dismissing her second amended complaint without further leave to amend. We will affirm.

Forman is a registered voter from Pittsburgh, Pennsylvania. In March 2024, she filed suit in the United States District Court for the Western District of Pennsylvania against Al Schmidt, Secretary of the Commonwealth, under 42 U.S.C. § 1983, citing a host of constitutional amendments; the Help America Vote Act ("HAVA") of 2002, 52 U.S.C. § 21081 *et seq.*; and the National Voter Registration Act ("NVRA") of 1993, 52 U.S.C. § 20501, *et seq.* In her second amended complaint, Forman claimed that the election equipment provided by Election Systems and Software ("ES&S") for use in Allegheny County and elsewhere in Pennsylvania contains security vulnerabilities and provides no mechanism for voters to verify that their ballots are tabulated accurately. She further asserted that Secretary Schmidt's predecessor failed to comply with state and federal law when certifying the ES&S voting system for use. As relief, Forman sought an emergency injunction to prohibit the use of "the ES&S voting system/machines" in any future election "until the issues regarding [their] certifications can be publicly rectified." *See* ECF Doc. 20 at 10.

The Secretary moved to dismiss Forman's second amended complaint under Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure for lack of standing and for failure to state a claim, respectively. The District Court granted the Secretary's motion on both grounds. Forman lacked Article III standing, in the court's view, because

2

her allegations were both speculative and not particularized. The court concluded that Forman's asserted injury was not concrete insofar as she did not claim that she was prevented from voting or that her vote did not count, and it dismissed her challenge to the Secretary's purported failure to "follow the law, without more, [a]s a generalized grievance that cannot support standing no matter how sincere." *See Forman v. Schmidt*, No. 2:24-cv-266, 2025 WL 1207739, at *2 (W.D. Pa. Apr. 25, 2025) (citing, *inter alia*, *Bost v. Ill. State Bd. of Elections*, 114 F.4th 634, 640 (7th Cir. 2024), *reversed*, 607 U.S. ___, 146 S. Ct. 513 (Jan. 14, 2026)).

Assuming, *arguendo*, that Forman had standing, the court explained that "HAVA does not include a private right of action that allows aggrieved parties to sue nonconforming states," *see id.* (quoting *Am. C.R. Union v. Phila. City Comm'rs*, 872 F.3d 175, 181 (3d Cir. 2017)); that Forman did not plead a violation of the NVRA, which concerns voter registration and voter roll maintenance; and that her bald allegations were too conclusory to state constitutional violations. Having previously dismissed Forman's amended complaint on Secretary Schmidt's motion, the District Court declined to grant her further leave to amend, reasoning that to do so would be both futile (as to standing) and inequitable. Forman appeals. She also filed a motion to supplement the appendix, which also was docketed as a motion to expand the record, to add documents that she filed in the District Court but inadvertently omitted from the appendix she included with her opening brief.

We have jurisdiction pursuant to 28 U.S.C. § 1291. We review *de novo* the District Court's dismissal of Forman's second amended complaint for lack of standing and for failure to state a claim, accepting as true her factual allegations and drawing all reasonable inferences in her favor. *See Newark Cab Ass'n v. City of Newark*, 901 F.3d 146, 151 (3d Cir. 2018); *Potter v. Cozen & O'Conner*, 46 F.4th 148, 153 (3d Cir. 2022). Conversely, we review the District Court's denial of leave to amend for abuse of discretion. *Potter*, 46 F.4th at 153 (citing *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1434 (3d Cir. 1997)).

The District Court did not err in dismissing Forman's second amended complaint, nor did it abuse its discretion in declining to grant her further leave to amend. Forman primarily challenges the court's standing analysis, but even if she had standing to sue Secretary Schmidt, her claims against him still fail. She concedes, as she must, that HAVA does not contain a private right of action, and she acknowledges that she would need to "reframe" her "election integrity allegations . . . to align with the NVRA's purpose" because her original claims had nothing to do with voter registration or voter roll maintenance. *See* C.A. Doc. 8 at 18 (citing *Am. C.R. Union*, 872 F.3d at 181). She insists, however, that her allegations "bolster her § 1983 claims." *See id.* We disagree.

Because "Section 1983 is not a source of substantive rights," a "plaintiff must allege a violation of a federal right" to state a claim. *Berg v. Cnty. of Allegheny*, 219 F.3d 261, 268 (3d Cir. 2000) (*per curiam*). Forman endeavored to do so by baldly invoking

4

the First, Ninth, Fourteenth, and Fifteenth Amendments.  But what she has alleged with respect to the certification of Pennsylvania's election machines and her inability to verify that her votes were tabulated accurately does not amount to a violation of any right protected by those constitutional provisions.  The District Court did not err in dismissing Forman's allegations as "conclusory and bare-bones," *see Forman*, 2025 WL 1207739, at *3 (citing *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009)), and it was well within its discretion not to give her a fourth bite at the apple on grounds of inequity, *see Grayson v. Mayview State Hosp.*, 293 F.3d 103, 111 (3d Cir. 2002).

Accordingly, we grant Forman's motion to supplement the appendix, and we will affirm the District Court's judgment.